Mr. Wm. Kenneth Carnes, Director Department of Public Safety 621 East Capitol Avenue Jefferson City, Missouri 65101
Dear Mr. Carnes:
This official opinion is issued in response to a request by your predecessor for a ruling on the following questions:
 "Is a person holding a license for the sale of only malt liquor eligible for a `Sunday sale' license as provided in Section 311.097?
 "Is the answer to the above question dependent on local option?"
Section 311.097, RSMo Supp. 1975, states in part:
 "1. Notwithstanding any other provisions of this chapter to the contrary, any person who possesses the qualifications required by this chapter, and who now or hereafter meets the requirements of and complies with the provisions of this chapter, may apply for, and the supervisor of liquor control may issue, a license to sell intoxicating liquor, as in this chapter defined, between the hours of 1:00 p.m. and midnight on Sunday by the drink at retail for consumption on the premises of any restaurant bar as described in the application. As used in this section the term `restaurant bar' means any establishment having a restaurant or similar facility on the premises at least fifty percent of the gross income of which is derived from the sale of prepared meals or food consumed on such premises.
 "2. . . . all other laws and regulations of the state relating to the sale of liquor by the drink for consumption on the premises where sold shall apply to a restaurant bar in the same manner as they apply to establishments licensed under sections 311.085, 311.090 and 311.095, . . ."
It is clear that this section establishes a separate license to be issued for the sale of liquor by the drink on Sundays. In order to obtain this license a person must meet both the general qualifications required of a liquor by the drink licensee and the specific requirement that at least fifty percent of the gross income of the premises be derived from the sale of prepared meals or food consumed on the premises.
Under Section 311.090, RSMo 1969, requirements for a license for the sale of intoxicating liquor containing alcohol not in excess of five percent by weight (malt liquor) are the same as those for a retail liquor by the drink license. We conclude, therefore, that premises licensed for the sale of malt liquor could upon meeting the requirements of Section 311.097, RSMo Supp. 1975, be licensed for the sale of liquor by the drink on Sunday under that statute.
Section 311.270, RSMo 1969, provides in part:
 "1. It shall be unlawful for any person, holding a license for the sale of malt liquor only, to possess, consume, store, sell or offer for sale, give away or otherwise dispose of, upon or about the premises mentioned in said license, or, upon or about said premises, to suffer or permit any person to possess, consume, store, sell or offer for sale, give away or otherwise dispose of, any intoxicating liquor of any kind whatsoever other than malt liquor brewed or manufactured by the method, in the manner, and of the ingredients, required by the laws of this state. . . ."
While the holder of a license to sell malt liquor only can sell all forms of intoxicating liquors on Sunday under the restaurant bar license, such licensee would be required to remove all intoxicating liquor other than malt liquor from the premises during the week. Of course, as a license to sell liquor by the drink includes the license to sell malt liquor, the licensee could elect simply to continue selling malt liquor on Sunday.
Note that Section 311.097, RSMo Supp. 1975, begins with the statement "Notwithstanding any other provisions of this chapter to the contrary, . . . ." In Attorney General's Opinion No. 151, Garrett, 4-10-74, this office, in interpreting identical language in Section 311.095, RSMo Supp. 1975, took the position that:
 "It is established law in this state that provisions of a state statute having special application to a particular subject are deemed a qualification of or an exception to another statute on the same subject stated in general terms. Flarsheim v. Twenty Five Thirty Two Broadway Corporation, 432 S.W.2d 245 (Mo. 1968). The legislature, exercising its vested powers, carved such an exception to the local option requirement when it created Section 311.095. No conflict is engendered by the mere fact that now there may be cases wherein the provisions of both statutes cannot be applied effectively. State v. Taylor, 18 S.W.2d 474 (Mo. 1929). The two sections should be construed so that each one may stand and be given its appropriate effect.
 "Therefore, it is the opinion of this office that Section 311.095 operates independently of the local option requirements of Section 311.090 and that the Supervisor of Liquor Control may issue a retail liquor by the drink license to a `resort' as defined by Section 311.095 in a city that has not adopted the local option."
It is the opinion of this office that the identical language in Section 311.097, RSMo Supp. 1975, has the same effect of carving out an exception to the local option requirement of Section311.090, RSMo 1969.
CONCLUSION
It is the opinion of this office that persons holding licenses for the sale of intoxicating liquor by the drink and those holding licenses for the sale of malt liquor only are eligible for "Sunday sale" licenses under Section 311.097, RSMo Supp. 1975.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Bruce E. Anderson.
Yours very truly,
 JOHN ASHCROFT Attorney General